McFarland, J.,
delivered the opinion of the .Court.
This action originated before a justice of the peace, upon the following state of facts: W. J. Martin, *16 proprietor of the Bell House at Knoxville, was indebted to the plaintiffs, and was about to suspend business. About the 12th of May, 1871, they applied to him for payment. He made out and delivered to them the following paper:
“Bell House, Knoxville, May 15, 1871.
“ Mr. Spencer Munson, Dr. to W. J. Martin. To board for self, wife and servant, from May 1st to date, $30.50.
“ You will please pay the above amount to Messrs. De-Liquero & Crozier, and oblige W. J. Martin.”
This paper was on the same day (12th May) presented to Munson, who said that if the hotel kept open until the 15th he would owe Martin the amount of the account — that up to that date he owed him $24. He told the plaintiffs that if any other orders were presented, he would notify the parties that this order was out. On the next day (the 13th) the plaintiffs again presented the paper to Munson, requesting him to accept or agree to pay it. This, however, he did not db. On the same day, but whether before or after the paper had been presented to him the second time does not appear, Munson was served with garnishment at the suit of Sherer & Smith, other creditors of Martin, and answered that up to that date he owed Martin $26.50, for which judgment was rendered in favor of Sherer & Smith, and paid by Munson. In his answer to the garnishment, Mun-sun made no allusion to the existence of the order in favor of the plaintiffs.
Upon these facts the plaintiffs brought this action *17 against Munson, on the 15th of May, 1871. Failing in the Circuit Court, they have appealed in error.
It is admitted that -the ease turns mainly upon the question, whether the paper above set forth is an assignment of the amount due, or which would be due, from Munson to Martin on the 15th May, 1871, or whether it is an order from Martin to Munson to pay the plaintiffs this sum of money.
If it be an assignment of the debt or chose in action, then this assignment became complete, so as to entitle the plaintiffs to maintain their action against Munson, so soon as notice was given to Munson of the assignment. In such case notice of the assignment is all that is necessary to perfect the plaintiff’s right: Clodfelter v. Cox, 1 Sneed, 330. On the other hand, it is equally well settled that if the paper be a mere order, no action can be maintained against the drawer unless it be accepted by him : Code, 1960.
Upon this the authorities are familiar. Although it may be sometimes difficult to determine whether a paper be an assignment or an order, yet their legal effect is widely different. An assignment transfers' to the assignee all the assignor’s right of action so assigned, and ordinarily extinguishes the demand in consideration of which the assignment was made, and ordinarily creates no liability upon the assignor. An order does not extinguish precedent demands, nor prevent the party from bringing his action upon the original contract: 2 Yerg., 275; 8 Hum., 570. And under our statute, upon demand and protest and notice, an action may be maintained by the holder *18 against the drawer upon the order. No particular form of words is necessary to constitute an assignment; and, in some cases, a • party holding a note, bond or other evidence of indebtedness against another, may transfer the same by mere delivery; but an indebtedness evidenced by a book account, would not ordinarily be transferred by a mere delivery of a copy from the book.
We are, therefore, to determine the character of this paper from the fair and evident meaning of the words used, giving to the language its ordinary meaning. Is there anything in the language that shows a purpose to transfer absolutely this claim to the plaintiffs ?
It differs from the usual form of an order, in, the fact that it is preceded by a statement of Munson’s indebtedness to Martin, upon which the order was drawn. This, we think, does not change its character. It is also important to observe, that part of the indebtedness upon which Martin draws the order was not then due.
We arrive at -the conclusion that the Circuit Judge did, — that this is an order, and without acceptance by Munson; an action could not be maintained against him.
Then, was Munson’s promise to notify other parties who might present other orders of the existence of this order, an acceptance?
It was not, we think, so understood by either party. The plaintiffs presented the order again for ■.acceptance, conceding that it had not been accepted, *19 and failed to procure Munson’s acceptance. A mere acknowledgment by Munson of the indebtedness does not amount to acceptance. He might, if he chose, decline to accept the order, at the same time admitting his indebtedness. An acceptance must amount to an absolute and distinct promise, either verbal or in writing, to pay the amount according to the terms of the order: Parsons on Contracts, vol. 1, p. 222.
We think there is no error in the record, and the judgment will be affirmed.